IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

RONALD RENARD THOMAS #20050089846, )
                                   )
                 Plaintiff,         )
                                   )
    v.                             )    No.  06 C 1070
                                   )
GREGORY LONGMIRE, et al.,          )
                                   )
                 Defendants.        )

                         MEMORANDUM ORDER

    Counsel for defendants Gregory Longmire and Jeremy Tucker

have filed defendants' combined Answer to the Second Amended

Complaint ("SAC") brought against them by Ronald Thomas

("Thomas").  That pleading has conformed to the directive in this

Court's October 13, 2006 memorandum order ("Order") calling for a

joint response rather than separate individual responses.[1]  But

one aspect of that new responsive pleading calls for something

further from defendants.

    Thomas' original pro se Complaint, which utilized the form

of 42 U.S.C. §1983[2] Complaint made available by this District

Court's Clerk's Office for use by pro se prisoner litigants,

stated that there was no grievance procedure available at the

Cook County Department of Corrections--see Complaint ¶III.A.

---

    [1] This Court appreciates defense counsel's compliance with
that requirement, which has provided a somewhat sharper focus on
the issues or nonissues in this litigation.

    [2] All further references to Title 42's provisions will
simply take the form "Section--."

After this Court appointed pro bono counsel to represent Thomas, the appointed lawyers filed the SAC on his behalf, also reasserting the claimed unavailability of administrative remedies at SAC ¶¶26-28.  Nonetheless the currently filed Answer to the SAC has advanced, as a first affirmative defense, Thomas' failure to comply with the exhaustion-of-administrative-remedies requirement that Section 1997e(a) makes a precondition to the institution of a Section 1983 lawsuit.

It may well be that any such purported affirmative defense has been forfeited on untimeliness grounds, for both defendants had earlier filed a motion to dismiss the SAC that did not include any exhaustion defense.  But that aside, in all events the claimed defense is inconsistent with defendants' Fed. R. Civ. P. 8(b) disclaimer in response to the allegations of SAC ¶28.  It is unclear whether Thomas and his counsel are right in their assertion.

Accordingly defense counsel are ordered to focus specifically on what has been alleged in that respect in SAC ¶¶26-28 and to file a response on or before November 3, 2006.  This Court will then determine whether any further submissions are required in that respect.

  _____
  Milton I. Shadur
  Senior United States District Judge

Date:  October 20, 2006